IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN DIOR CONNER, § | | |
| TDCJ No. 2182539, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-3174-G-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Christian Dior Conner is a Texas prisoner convicted, in a state court in this district, of evading arrest (and sentenced to 8 years of imprisonment) and of aggravated robbery (and sentenced to 35 years of imprisonment). *See State v. Conner*, Nos. F17-56395-M & -56396-M (194th Jud. Dist. Ct., Dallas Cnty., Tex.). His convictions were confirmed as modified on direct appeal. And, most recently, the Texas Court of Criminal Appeals ("CCA") denied his state applications for writs of habeas corpus. *See Ex parte Conner*, WR-62,459-05 & -06 (Tex. Crim. App. Sept. 28, 2020).

Conner has now filed a *pro se* 28 U.S.C. § 2254 habeas petition in this Court. *See* Dkt. No. 3. The Court has referred this resulting action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. And the Court will serve Conner's petition on Respondent through a separate order, requiring that he answer Conner's claims in substance as required by Rule 5 of the

Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts (the "Habeas Rules").

But now before the Court is Conner's motion for summary judgment in his favor on the habeas claims that the CCA has denied. *See* Dkt. Nos. 4 & 5.

First, as the United States Court of Appeals for the Fifth Circuit and other district courts in this circuit have recognized, "'[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases.'" *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *10 (W.D. Tex. June 18, 2020) (quoting *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); collecting cases). "But Rule 56 'applies only to the extent that it does not conflict with the habeas rules.'" *Id.* (quoting *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004); citation omitted); *see also* Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules.").

In sum, then, "[i]f some aspect of the summary judgment process conflicts with the habeas process, then the habeas process controls. [But] the summary judgment process may not result in a complete resolution of the habeas petition." *Ndudzi*, 2020 WL 3317107, at *10 (citations omitted). Indeed, as the district court in *Ndudzi* observed,

> while motions for summary judgment may be used in the habeas context, their use may not be the most prudent way to address a habeas petition. Moreover, their use is expressly subject to the Court's discretion and direction provided in accordance with Habeas Rule 4.

> After conducting the preliminary review required by Habeas Rule 4, the Court serves the petition and issues an order directing "the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." This order controls the subsequent filings and guides the habeas process through completion. Habeas Rule 5 comes into play when the Court orders an answer.

*Id.*

This procedural summary also reflects the undersigned's preferred approach to resolving Section 2254 petitions. But, if Conner's now moving for summary judgment on his habeas claims is consistent with the Habeas Rules, he would still face a substantial burden.

Under Rule 56, where "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

Conner's current barebones motion for summary judgment does not meet this burden.

And, for all these reasons, the Court should deny Conner's motion for summary judgment, but without prejudice, at this initial stage of his Section 2254 proceeding.

## Recommendation

The Court should deny Petitioner Christian Dior Conner's motion for summary judgment without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE