IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN DIOR CONNER | § | |
| TDCJ No. 2182539, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-3174-G-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Christian Dior Conner is a Texas prisoner convicted after entering an open guilty plea of evading arrest (and sentenced to 8 years imprisonment) and of aggravated robbery (and sentenced to 35 years of imprisonment). *See State v. Conner*, No. F17-56395-M & 56396-M (194th Jud. Dist. Ct., Dallas Cnty., Tex.). His convictions were confirmed as modified on direct appeal. *Conner v. State*, Nos. 05-18-00124-CR, 05-18-00125-CR (Tex. App. Dallas, 2019 – no pet.) Conner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals (TCCA). Conner filed two state writs of habeas corpus challenging his convictions, which the TCCA denied without written order on the findings of the state habeas trial court ("state habeas court") without a hearing and on the court's independent review of the record. *See Ex parte Conner*, WR-62,459-05 & 06 (Tex. Crim. App. Sept. 28, 2020).

1

Conner then filed this petition seeking a federal writ of habeas corpus. *See* Dkt. No. 3. The Court referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) pursuant to a standing order of reference from Senior United States District Judge A. Joe Fish. Conner filed an amended habeas petition not long after the original. *See* Dkt. No. 18. And, since then, he has filed a variety of motions, including a motion to amend for a second time, a motion for judgment on the pleadings, and a motion asking the Court to serve a copy of his motion for judgment on the pleadings on the State – all of which are currently before the Court. *See* Dkt. Nos. 50, 53, 54, 55.

The State responded to Conner's habeas petition; and Conner filed a reply. *See* Dkt. Nos. 34, 39. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny Conner's application for a writ of habeas corpus and other pending motions.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under the AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court

adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2254(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies

on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 978 F.3d 933, 940 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted)). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ...

could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood

5

and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

6

2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination. … In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 978 F.3d at 942.

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion

'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

Most of Conner's claims concern his belief – based upon questions from the State to him on direct examination after he entered his open guilty plea – that the complaining witness was unavailable to testify against him at trial and that the State either withheld this information or lied to his trial attorney about it. Specifically, the State's questions indicated that the complainant was undocumented, scared to testify at the plea hearing, and moved out of her neighborhood, presumably because of that fear. *See* Dkt. No. 27-11 at 38. And, in her affidavit to the state habeas court, his counsel said that she was "always told by the State that the complaining witness was always on board and she would come to court to testify against Mr. Conner," and that she relied on that in counseling Conner. *See* Dkt. No. 34-1 at 139. But, during Conner's cross examination after his guilty plea, she realized that the complainant

8

was not coming to the plea hearing. *See id.* at 139-140. Based mostly on that, Conner urges the following grounds for habeas relief: (1) that his guilty plea was invalid due to his trial attorney's failure to investigate the complaining witness before advising him to plead guilty; (2) that his guilty plea was invalid because his trial attorney failed to use procedural safeguards to protect his interests – such as moving for a continuance or objecting to alleged prosecutorial misconduct; (3) that his guilty plea was unknowing and unintelligent because the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (4) that the cumulative errors of his trial counsel – including giving him poor advice regarding the availability of probation – denied him his right to effective counsel. *See* Dkt. No. 3 at 6-7, Dkt. No. 18 at 6-7; Dkt. No. 39 at 6-7.

## A. Ineffective Assistance of Counsel

The undersigned first addresses Conner's ineffective assistance of counsel (IAC) claims.

The Court reviews the merits of properly exhausted IAC claims, whether directed at trial or appellate counsel, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a petitioner "'must show that counsel's performance'" – "'strongly presume[d to be] good enough'" – "'was [1] objectively unreasonable and [2] prejudiced him.'" *Coleman v. Vannoy*, 963 F.3d 429, 432 (5th Cir. 2020) (quoting *Howard v. Davis*, 959 F.3d 168, 171 (5th Cir. 2020)).

To count as objectively unreasonable, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Strickland*, 466 U.S. at 687; *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)). "And to establish prejudice, a defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (per curiam) (quoting *Strickland*, 466 U.S. at 694).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" (quoting *Strickland*, 466 U.S. at 689)).

And, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply

to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105); *see also Sanchez*, 936 F.3d at 305 ("As the State rightly puts it, we defer 'both to trial counsel's reasoned performance and then again to the state habeas court's assessment of that performance.'" (quoting *Rhoades*, 852 F.3d at 434)).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result

must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010); *Adekeye*, 938 F.3d at 682.

Where the state court has adjudicated claims of ineffective assistance on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *compare Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)), *with Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)). In

12

other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a *Strickland* claim fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.[1]

### (i)    *Failure to Investigate Complaining Witness*

Conner contends that his trial counsel was ineffective for not investigating the complaining witness prior to advising him to plead guilty and that, had she investigated the complainant, she would have discovered that the witness would not testify against him. *See* Dkt. No. 3 a7 6; Dkt. No. 18 at 6. In findings that the TCCA adopted in full, the state habeas court stated:

---

[1] *See also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Adekeye*, 938 F.3d at 683-84 ("The Supreme Court standard on prejudice is sharply defined: 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.' [A petitioner] must show it was 'reasonably likely' the jury would have reached a different result, not merely that it could have reached a different result. The Court reaffirmed this point in *Richter*: 'The likelihood of a different result must be substantial, not just conceivable.' Now layer on top of that the habeas lens of reasonableness. [Where] the state court has already adjudicated [a petitioner's] ineffective-assistance claim on the merits, he must show that the court's no-prejudice decision is 'not only incorrect but "objectively unreasonable."' Put differently, [he] must show that every reasonable jurist would conclude that it is reasonable likely that [a petitioner] would have fared better at trial had his counsel conducted [himself differently]. 'It bears repeating,' the Supreme Court emphasized in *Richter*, 'that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" (footnotes omitted)).

The Court finds that the record does not support Applicant's allegations that the complainant "refused and would not come to court to testify." Although the State alluded to the complainant being too afraid to show up to the hearing, Applicant assumes that means that the complainant was unavailable. The State could have secured the complainant's presence through a subpoena, or the witness may have been willing to testify at trial as opposed to a plea hearing. The record does not support Applicant's assertion that the complainant "would not come to court to testify."

The Court finds that Applicant argues that if his trial counsel would have investigated the complaining witness, she would have discovered that the complainant was an 'undocumented illegal' immigrant who moved out of her neighborhood. Applicant contends that the complainant "refused and would not come to court."

When an applicant raises the claim that counsel was ineffective for failing to investigate, he must show what a more in-depth investigation would have shown. *Mooney v. State*, 817 S.W.2d 693, 697 (Tex. Crim. App. 1991).

The Court finds that that Applicant assumes that the complainant refused and would not come to court. The record does not show that the complainant was unavailable or that the State could not have secured the complainant's presence by the issuance of a subpoena.

Dkt. No. 34-1 at 110-112. In essence, then, the state habeas court found that Conner's theory was premised on speculation devoid of evidence. Conner fails to show how that conclusion runs afoul of Section 2254(d)(1). "An ineffective assistance of counsel claim based on speculation or conclusional rhetoric will not warrant habeas relief." *Darby v. Johnson*, 176 F.3d 479 (5th Cir. 1999) (citing *Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992)); *see also Fulgham v. Crown*, 838 F. App'x 355, 360 (10th Cir. 2020) ("The [prejudice] prong of *Strickland*…requires [Mr. Fulgham] to show 'that there is a reasonable probability'" – not "mere speculation" – "'that, but for [his] counsel's error, "the result of the proceeding would have been different."'"); citing

14

*Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012); quoting, in turn, *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009)). As the state habeas court noted, Conner points to nothing showing that the complainant could not have been forced to testify through a subpoena or that she would have refused to testify at a trial. The TCCA's rejection of his claim was not an unreasonable application of *Strickland*.

The State also argues that Conner waived this claim by pleading guilty. *See* Dkt. No. 34 at 15. The state habeas court's findings did not discuss the effect of Conner's guilty plea on his claims. But the undersigned agrees that Conner's guilty plea waived the failure-to-investigate IAC claim.

A guilty plea generally waives constitutional deprivations occurring prior to the plea. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983). And a knowing and voluntary guilty plea waives all nonjurisdictional defects that occurred prior to the plea. *See Tollett v. Henderson*, 411 U.S.258, 267 (1973); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A plea is intelligently made when the defendant has "real notice of the true nature of the charges against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has identified

three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Here, ample evidence in the state-court record shows that Conner's guilty plea was knowing, voluntary, and intelligent. He testified during his plea hearing that he understood the charges against him, understood the consequences of the plea agreement, and that his plea was voluntary:

The Court:    …The range of punishments for these offenses as contained in the Court's admonishments, have you reviewed the documents with your attorney for each case?

Conner:    Yes, sir.

The Court:    And you understand the full range of punishment available to the Court?

Conner:    Yes, Sir.

The Court:    In the evading case, the State is striking the enhancement paragraph. How do you plead to each charge, sir?

Conner:    Guilty, Sir.

The Court:    Are you pleading guilty to each charge because you are indeed guilty and foreign [sic] no other reason?

Conner:    Yes, Sir
        …

The Court:    You understand that in each of these cases, you have an absolute right to a trial by jury?

Conner:    Yes, Sir.

The Court:    Do you wish to have a jury trial?

| Conner: | No, Sir. |
|---|---|
| The Court: | Has anyone forced you, made you any promises, or otherwise coerced you into entering into either of these pleas? |
| Conner: | No, Sir. |
| The Court: | You are pleading freely and voluntarily to each charge because this is the way you wish to have these cases resolved? |
| Conner: | Yes, Sir. |
| The Court: | There is no plea bargain agreement contained in either case, you are doing what is commonly referred to as an open plea. Therefore, the Court has the full range of punishment available to it in each case, but you also have the right to appeal my decision; do you understand? |
| Conner: | Yes, Sir. |

*See* Dkt. No. 27-11 at 6-8. For a petitioner to refute his own testimony at a plea hearing, "there must be independent indicia of the likely merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden." *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987) (citing *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986)). Conner offers nothing like that here.

Conner also signed documents that indicate that his plea was knowing, voluntary, and intelligent. He signed his plea agreement, which contained admonitions listing the defendant's constitutional rights and the consequences of plea deals and open guilty pleas, as well as a series of statements and waivers in which he acknowledged his understanding of the charges against him, including the punishment range, and the rights he was forfeiting by pleading guilty; and confirmed

17

that his plea was voluntary and "not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole." *See* Dkt. No. 34-1 at 8.

Formal declarations in open court carry with them a strong presumption of truth. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And "[Conner's] declarations in open court undermine any claims of involuntariness that he now raises." *Mitchell v. Denton County, Texas*, Civil Action No. 4:18cv69, 2021 WL 1151573, at *4 (E.D. Tex. Jan. 28, 2021) (citing *Rogers v. Maggio*, 714 F.2d 35, 38 n. 5 (5th Cir. 1983)). Conner fails to meet the burden of rebutting the presumption of regularity accorded his signed court documents. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir. 1986). The undersigned find that Conner's guilty plea was voluntary, knowing and intelligent, waving any pre-plea IAC claims except those relating to the voluntariness of the plea.

So, the failure-to-investigate IAC claim, centered on conduct that occurred before Conner plead guilty and not bearing on the plea's validity, is waived. *See*, *e.g.*, *Smith v. McCain*, Civ. A. No. 19-325, 2019 WL 5696146, at *3 (E.D. La. May 28, 2019) ("However, as already explained herein, petitioner has not presented any evidence that would support a finding by this Court that his guilty plea was involuntary. As a result, his guilty plea also precludes his claim that his counsel was ineffective for failing to conduct an adequate investigation."; citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("[B]ecause we have already held Smith's plea to be voluntary, it follows that his claims of ineffectiveness unrelated to the guilty plea are waived – e.g., [defense counsel]'s alleged failure to review the prosecutor's file to verify

18

laboratory test results that the substances Smith delivered were in fact heroin and cocaine; [defense counsel]'s alleged failure to investigate a witness and the legality of Smith's arrest; or any other alleged failure of [defense counsel] to find 'holes' in the government's case against Smith."); *Sellers v. Warden, Richwood Correctional Center*, Civ. A. No. 6:12-cv-01801, 2013 WL 4814074, at *12 (W.D. La. Sept. 9, 2013) ("Sellers complains that his counsel failed to investigate the alleged crime, failed to interview witnesses, and failed to communicate with Sellers. These claims are not related to the voluntariness of his guilty plea. Having found that his guilty plea was voluntary, this Court is constrained to find that these claims of ineffective counsel cannot be considered. A voluntary guilty plea waives all nonjurisdictional defects in the proceeding against the defendant, including all claims of ineffective assistance of counsel, except those asserting that the alleged ineffectiveness relates to the voluntariness of the plea.")).

In sum, the TCCA's rejection of the failure-to-investigate claim was not an unreasonable application of *Strickland*, and, at any rate, the claim is waived.

### (ii) *Failure to Move for Continuance and to Object to Brady Violation*

Conner also claims that his trial counsel was ineffective for not moving for a continuance or objecting based on *Brady v. Maryland*, 373 U.S. 83 (1963), after the State's questioning hinted that the complainant was undocumented, too scared to testify at the plea hearing, and moving neighborhoods. *See* Dkt. No. 3 at 25-29; Dkt. No. 18 at 6; Dkt. No. 39 at 5.

In rejecting this claim, the state habeas court – in findings later adopted by the TCCA – stated that:

> The court finds that Applicant has not shown that a motion for a continuance would have been successful or that an adverse ruling would have been an abuse of discretion. Applicant points to no authority that requires the Court to grant a continuance under the circumstances.

Dkt. No. 34-1 at 112. As the state habeas court noted, where prejudice is alleged to arise from counsel's failure to file a motion, the petitioner must show there was a reasonable probability "that the trial court would have granted it or would have reversibly erred by refusing it." *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008). And, while Conner points to Article 29.13 of the Texas Code of Criminal Procedure as the basis for the continuance, that article allows, but does not mandate, a continuance "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be held." TEX. CODE. CRIM. P. art. 29.13. As the text implies, continuances under that article are awarded at the discretion of the trial court. *See Lewis v. State*, 674 S.W.2d 423, 426 (Tex. App. – Dallas 1984, pet. ref'd) ("When [a] [defendant] claims surprise, a motion for continuance is addressed to the sound discretion of the court.") (citations omitted).

Because there is no evidence that the trial court would have granted any continuance motion, Conner failed to show any prejudice from his counsel's failure to file such a motion. *See United States v. Flores-Ochoa*, 139 F.3d 1022, 1024 (5th Cir. 1998) (determining that a defendant cannot show that he was prejudiced by his

20

counsel's "failing to move for a continuance" where "there is no evidence that the court would have granted the motion"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). And, so, the TCCA's rejection of this claim was not an unreasonable application of *Strickland*.

As for Conner's claim that his trial counsel should have objected based on *Brady*, while Conner arguably presented this claim to the TCCA in his habeas petitions (*see* Dkt. No. 34-1 at 28-29, 72-73), the state habeas court's findings do not address it specifically. *See* Dkt. No. 34-1 at 110-118. Nevertheless, even under a *de novo* review the claim fails. As discussed below, the *Brady* claim is meritless, and counsel is not required to make futile objections. *See Roberts v. Thaler*, 681 F.3d 597, 611 (5th Cir. 2012) (citations omitted).

### *(iii)*     *Cumulative IAC*

In his fourth ground for relief, Conner claims that the cumulative effect of all instances of ineffectiveness amount to a constitutional violation. *See* Dkt. No. 3 at 7; Dkt. No. 18 at 7.

One of the alleged cumulative errors – which was not brought as a standalone claim – is that Conner's trial counsel was ineffective for advising him to plead guilty to receive probation when, by statute, he was not eligible for it. *See* Dkt. No. 3 at 7; Dkt. No. 18 at 7. Regarding this claim, Conner's trial counsel stated in her affidavit to the state habeas court that:

> I explained to Mr. Conner that he was not eligible for probation if he did a trial by jury or judge. I explained that the only possibility of probation

21

> was to do an open plea before Judge White…I never once said that he
> would be getting probation but that it was in Judge White's power to
> give him deferred probation with drug treatment if he felt that was what
> Mr. Conner deserved.

Dkt. No. 34-1 at 122.

The state habeas court explicitly credited Conner's trial counsel (Dkt. No. 34-1 at 109) and, in recommending that the TCCA reject this claim, stated:

> The Court finds that although Applicant was not eligible for regular
> probation, he was eligible for deferred adjudication probation. His one
> chance to receive probation for the offense was to enter a plea of guilty
> with the trial court and hope to receive deferred adjudication probation.
> Trial counsel's affidavit indicates that was, in fact, the punishment he
> was seeking. Accordingly, Applicant's trial counsel did not incorrectly
> advise Applicant about his eligibility for probation in this case.

Dkt. No. 34-1 at 112-113.

The state habeas court's factual determination that Conner's trial counsel was credible is presumed to be correct and can only be upset through clear and convincing evidence, which Conner does not provide. *See Isaacson v. Stephens*, Civil No. SA-15-CA-651-XR (HJB), 2016 WL 11750123, at *22 (W.D. Tex. Apr. 27, 2016) (noting that "[a] federal habeas court is required to defer to a state habeas court's factual findings even if those findings were based upon the affidavit of the federal habeas corpus petitioner's former state trial counsel") (citations omitted). And, viewed through that lens, there was nothing ineffective about the advice Conner's counsel gave: Conner was, given the charges against him, only eligible for deferred adjudication probation following a plea of guilty or *nolo contendere*. *See* TEX. CODE CRIM. P. art. 42A, *et seq.* The TCCA's rejection of this claim was not an unreasonable application of *Strickland*.

And regarding Conner's cumulative error claim, while "an aggregation of non-reversible errors (i.e. plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial," Conner did not establish any errors. *United States v. Munoz*, 150F.3d 401, 418 (5th Cir. 1998). Therefore, there is nothing to cumulate, and relief under the cumulative error doctrine is unavailable. *See United States v. Mcintosh*, 280 F.3d 479, 484 (5th Cir. 2002). The TCCA's denial of Conner's cumulative error claim was not an unreasonable application of *Strickland*.

## B. Prosecutorial Misconduct

Conner claims that the State violated *Brady* by failing to disclose that the complainant was undocumented, too afraid to testify against him at the plea hearing, and was moving neighborhoods, and by misrepresenting to his trial counsel that the complainant would testify against him. *See* Dkt. No. 3 at 7; Dkt. No. 18 at 7.

"A successful *Brady* claim has three elements: 'The evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *Rocha v. Thaler*, 619 F.3d 387, 393 (5th Cir. 2010) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)); *see also Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008) (noting as to Brady's third "basic element" that there must be "a reasonable probability that prejudice ensued – in other words, 'materiality'").

The state habeas court made two explicit findings—again, adopted in full by the TCCA—bearing on the validity of Conner's *Brady* claim: (1) that it was procedurally barred, and (2) that it failed on the merits. It noted as follows:

> The Court finds that the record shows that no objection was made on the basis of prosecutorial misconduct. Therefore, any complaint regarding prosecutorial misconduct was not preserved for appellate review.
> …
>
> The Court finds that Applicant failed to prove the State suppressed evidence in violation of *Brady v. Maryland*.

Dkt. No. 34-1 at 116-117.

When a state habeas court supplies alternate reasons for rejecting a claim, a petitioner must show each violates § 2254 before getting relief. *See*, *e.g.*, *Garcia v. Director, TDCJ-CID*, 73 F.Supp.3d 693, 710 (E.D. Tex. 2014).

Conner has not met that burden. First, the undersigned finds that Conner procedurally defaulted his *Brady* claim. A procedural default occurs when "a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, or the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred." *Jasper v. Thaler*, 765 F.Supp.2d 783, 827 (W.D. Tex. 2011) (citing *Coleman v. Thomas*, 501 U.S. 722, 735 n.1 (1991)). Under either scenario, the petitioner is deemed to have forfeited his habeas claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). But procedural defaults only bar federal habeas review when the pertinent state procedural rule is "firmly established and regularly

followed." *Ford v. Georgia*, 498 U.S. 411, 424 (1991). And a petitioner can overcome the procedural default if he can show either "cause and actual prejudice" for his default or that failure to address the merits of the procedurally defaulted claim will work a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Finally, the Texas contemporaneous objection rule – pursuant to which a party who wants to preserve error for appellate review is required to make a timely, specific objection and obtain a ruling on the objection – is a "firmly established and regularly followed" state procedural rule sufficient to bar consideration of a claim in a federal habeas proceeding when the state court relied on the rule in rejecting a claim. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000) (citing *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998)); *see also Rosales v. Cockrell*, 220 F.Supp.2d 593, 621 (N.D. Tex. 2001) (discussing Texas contemporaneous objection rule) (citations omitted).

Here, because the TCCA found that Conner waived appellate review of his *Brady* claim by his trial counsel's failure to lodge a contemporaneous objection to it, that claim is barred from review in these proceedings unless Conner can show that an exception to the procedural default doctrine applies.

To dodge the procedural default, Conner argues that his trial attorney's failure to object to the prosecutorial misconduct was ineffective and serves as cause for the default. *See* Dkt. No. 39 at 14. While it is true that ineffective assistance of counsel can serve as cause to excuse a procedural default, there was no ineffective assistance of counsel here because there was, as discussed below, no *Brady* violation, and

counsel is not required to make futile objections. Thus, this claim is procedurally defaulted.

The TCCA also found that the *Brady* claim failed on the merits, and Conner has also failed to show that this determination was unreasonable. As noted, to prove a *Brady* violation, Conner must show that the State withheld material exculpatory or impeachment evidence. But Conner did not point to any actual *evidence*. He only highlights questions from the State that imply certain facts. Because Conner has not shown that any evidence was withheld, the TCCA's rejection of his *Brady* claim was not an unreasonable application of clearly established law, nor did it involve a decision that was contrary to clearly established law.

And finally, although the TCCA based its decision on a procedural default and the merits (or lack thereof) of the claim, Conner's valid guilty plea waives any *Brady* or prosecutorial misconduct claim. *See*, *e.g.*, *Estrada v. Healy*, Civil Action NO. H-15-0092, 2015 WL 13158515, at *7 (S.D. Tex. July 31, 2015) ("In the Fifth Circuit, a criminal defendant's 'guilty plea waives the right to claim a *Brady* violation.'"); quoting *U.S. v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009) (per curiam) (further citations omitted); *see also Teel v. Davis*, Civil Action No. 3:17-CV-1471-C-BK, 2018, 2018 WL 4290788, at *5 (N.D. Tex. Aug. 13, 2018), *rec. accepted* 2018 WL 4283554 (Sept. 7, 2018) (finding that the petitioner waived prosecutorial misconduct claim by pleading guilty); citing *Smith*, 711 F.2d at 682; *Murray v. Collins*, 981 F.2d 1255 (5th Cir. 1992) (per curiam) (holding guilty plea waived prosecutorial misconduct claim)).

## Motion to Amend

Conner filed a motion to amend his habeas petition to "clarify and detail his claims as originally sought to be laid out in his original petition." *See* Dkt. No. 50 at 1. In this motion, Conner, for the most part, reasserts the claims in his original petition. He does emphasize additional facts to support his claims. In relation to his failure-to-investigate claim, he recounts the details of a meeting that he had with his counsel prior to pleading guilty in which his trial counsel told him that the State told her that the complainant witness was cooperating and would be coming to court to testify. *See* Dkt. No. 50 at 14. In relation to the failure-to-object claim, he notes that, on January 8, 2018, he came to a plea hearing and asked his attorney if the complainant was present. *See id.* at 15. The State then re-set the plea hearing date to ensure the presence of a certified interpreter because the witness wanted to come to court to testify against him. *See id.* Conner also reiterates that his trial attorney gave him bad advice on pleading guilty because she told him that "he was possibly eligible for probation when according to law when he plead true to the enhancement paragraph his punishment according to Tex. Penal Code 12.42(c) was fixed at 15-99 years or life." *Id.* at 17.

The Court should deny leave to amend here because amendment would be futile. *See Sixta v. Quarterman*, Civ. A. No. H-07-0118, 2007 WL 274951, at *2 (S.D. Tex. Sept. 19, 2007) ("[U]nder Rule 15, this court must grant petitioner's motion to amend unless there is a substantial reason to deny leave to amend. Futility of amendment is one such reason." (citations and internal quotation marks omitted)).

Nothing that Conner presents in his proposed amended complaint alters the above analysis of his claims. He simply asserts facts to explain his belief that the complainant would testify. But the TCCA's rejection of Conner's failure-to-investigate and *Brady* violation/failure-to-object-to-*Brady*-violation claims was not premised on doubt about that belief. The TCCA's rejection of Conner's failure-to-investigate and *Brady* violation/failure-to-object-to-*Brady*-violation claims was based on Conner's failure to show beyond speculation that the complainant was, in fact, unavailable to testify at *trial* and, similarly, that any evidence was withheld. As discussed, the TCCA's disposition of these claims – to the extent that they were not waived – was neither contrary to clearly-established federal law, nor was it an unreasonable application of clearly-established federal law. And, regarding the probation advice, Conner's counsel correctly advised him that his only chance of probation was deferred-adjudication probation after an open guilty plea.

The Court should deny Conner's motion to amend because amendment would be futile.

### Other Motions

Conner also filed a motion for judgment on the pleadings, an accompanying memorandum, and a "Motion for Leave to File One Copy" in which he asks the Court to serve the Rule 12(c) motion on the State because he has no way of making copies in jail. *See* Dkt. Nos. 53, 54, 55. The motion for judgment on the pleadings should be denied. "The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) do not contemplate motions for judgment on the pleadings."

*Jones v. Quarterman*, 2008 WL 4602720, at *1 (N.D. Tex. Oct. 14, 2008); *Turner v. Errington*, Civil Action No. 1:19-cv-52-HSO-MTP, 2020 WL 5351601, at *9 (S.D. Miss. Aug. 6, 2020), *rec. accepted* 2020 WL 5351072 (S.D. Miss. Sept. 4, 2020) (same); *Porter v. Berghuis*, No. 1:07-CV-781, 2009 WL 3153148, at *2 (W.D. Mich. Sept. 29, 2009) (same). And, at any rate, because it seeks the same relief as the habeas petition, even if the Court considered the motion's merits, it should be denied. The "Motion for Leave to File One Copy" (Dkt. No. 55) should also be denied as moot if the Court agrees to deny the motion for judgment on the pleadings.

## Recommendation

The Court should deny Conner's application for a writ of habeas corpus and other pending motions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: April 5, 2022.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE